Case 4:24-cv-04694   Document 29   Filed on 04/25/25 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
April 25, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Codilis & Moody, P.C., in its Capacity as Substitute Trustee for Nationstar Mortgage LLC d/b/a Mr. Cooper,<br><br>*Plaintiff*,<br><br>v.<br><br>Michael Allen Sears, Champions Park Homeowners Association, Inc., and Internal Revenue Service,<br><br>*Defendants*. | Civil Action No. 4:24-cv-04694 |

## MEMORANDUM AND RECOMMENDATION

On March 31, 2025, Plaintiff Codilis & Moody, P.C. ("Codilis") and the United States of America (for the Internal Revenue Service), filed a motion for default judgment against Michael Allen Sears. Dkt. 25. Codilis instituted this suit as a state-court interpleader action, naming Mr. Sears, the Internal Revenue Service, and Champions Park Homowners Association, Inc., as defendant-claimants. *See* Dkt. 2-1 at 58. The United States properly removed the case under 28 U.S.C. §§ 1441(a), 1442(a)(1), and 1444. Dkt. 1.

The motion for default judgment falters at the threshold because the record does not reflect that Mr. Sears was properly served. Service was not effectuated while the case was pending in the state court. *See* Dkt. 2-1 (process

server's averment that Mr. Sears was "not home" when service was attempted). Nor does Codilis & Moody, P.C.'s recent "Certificate of Service" show that service was properly effectuated. *See* Dkt. 21 (filed March 18, 2025).

Rule 4 permits a party to effectuate service of process under the law of the state where this Court is located, *i.e.*, Texas. Fed. R. Civ. P. 4(e)(1). Unlike the federal rules, Texas law authorizes service by certified mail, *see* Tex. R. Civ. P. 106(a)(2), but with very specific requirements. First, service must be effectuated by an "authorized person," which excludes anyone "who is a party to or interested in the outcome of a suit ...." Tex. R. Civ. P. 103. This forbids a party's attorney from personally effectuating service of process due to the attorney's interest in the outcome of the suit. *See Savage v. Detroit Indep. Sch. Dist.*, 2022 WL 16814962, at \*3 (E.D. Tex. Nov. 8, 2022) (collecting authorities for this restriction). In addition, the authorized person who sends the complaint and summons by certified mail must file a return of service that contains detailed information, plus "the return receipt with the addressee's signature." Tex. R. Civ. P. 107(a)-(c). The return of service must also "be verified or be signed under penalty of perjury" and contain a statement that substantially tracks specific language. *See id.* at 107(e).

Codilis's certificate of service does not satisfy the foregoing requirements.[1] It does not indicate that an authorized person who is not Codilis's attorney sent Mr. Sears the certified mailing. *See* Dkt. 21 (asserting, vaguely, that counsel "caused a copy of" the live pleading "to be mailed"). And even assuming someone other than counsel sent the certified mailing, the certificate is not a proper return of service that (1) was prepared by the person who effectuated service; (2) indicates that both its first amended petition *and* the official summons was sent to Mr. Sears;[2] (2) attaches the return receipt; and (3) includes a notarized verification or is signed under penalty of perjury using a statement that substantially tracks the template in Tex. R. Civ. P. 107(a), (e); *see also, e.g.*, *Frazier v. Dikovitsky*, 144 S.W.3d 146, 149 (Tex. App.—Dallas 2004, no pet.) ("'Verified' as contemplated by Rule 107 requires some sort of an acknowledgement before a notary public").

Absent proper service of process, this Court lacks personal jurisdiction over Mr. Sears, and default judgment is improper. *See, e.g.*, *Roor Int'l BV v. A1 Smoke Shop Inc.*, 2019 WL 6330543, at *2 (S.D. Tex. Oct. 18, 2019) (no default judgment until proper service is effectuated); *see also, e.g.*, *Espinoza v. Humphries*, 44 F.4th 275, 276 (5th Cir. 2022) (default judgment is "void" if a

---

[1] The United States' service of the ensuing motion for default judgment, *see* Dkt. 28 at 1, 3, does not supplant the need for proper service of the pleading that initiated this case, along with the official summons.

[2] Codilis has not sought formal issuance of summons since this case was removed.

3

court "lacked personal jurisdiction over the defendant because of defective service of process") (quoting *Harper Macleod Solics v. Keaty & Keaty*, 260 F.3d 389, 393 (5th Cir. 2001)). Accordingly, this Court should vacate the entry of default (Dkt. 24) and deny the motion for default judgment.[3]

Although the 90-day deadline for service has expired, *see* Fed. R. Civ. P. 4(m), the Court grants Codilis another opportunity to serve Mr. Sears and file a proper return of service. The deadline for doing so is specified below.

## Recommendation

For the foregoing reasons, it is **RECOMMENDED** that the entry of default (Dkt. 24) be **VACATED** and the United States' and Codilis's joint motion for default judgment against Michael Allen Sears (Dkt. 25) be **DENIED**.

It is further **ORDERED** that Codilis shall have until **May 30, 2025** to file a return of service reflecting that Mr. Sears was properly served. <u>Failure to timely do so may result in the dismissal of this case</u>.

---

[3] The Court also observes that the joint motion for default judgment did not show that the Government is entitled to specific relief. Rather, the only *pleading* underlying the motion is Codilis's request to deposit the funds and be discharged from the suit. *See* Dkt. 25 at 4-5 (asserting that Codilis has excess funds from the foreclosure sale). The only relief that this Court could award is limited to the scope of that pleading. *See* Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings.").

The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error. *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).

Signed on April 25, 2025, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge